THE STATE OF OHIO, APPELLEE, *v.* PYLE, APPELLANT.

[Cite as State v. Pyle, 18 Ohio App. 2d 33.]

(No. 680—Decided March 12, 1969.)

*Mr. R. K. Wilson*, law director, and *Mr. Robert A. Pratt*, for appellee.

*Mr. Richard A. Coster*, for appellant.

KERNS, P. J. The defendant, James S. Pyle, Jr., was tried and convicted of operating a motor vehicle while under the influence of intoxicating liquor, and he has appealed to this court from the judgment and sentence thereafter entered in the Municipal Court of Piqua.

The only question of any consequence in the appeal is whether the principles enunciated in *Miranda* v. *Arizona*, 384 U. S. 436, are applicable where the accused is charged with the offense of operating a motor vehicle while under the influence of intoxicating liquor.

This question was answered affirmatively in the case

of *Piqua* v. *Hinger*, 13 Ohio App. 2d 108. And while still recognizing that efficient law enforcement and orderly judicial administration militate against the application of *Miranda* to offenses which do not provide for confinement in a penal institution, we remain of the opinion that the artificial distinction between felonies and misdemeanors in Ohio is not a realistic basis for the application or nonapplication of the rules prescribed in the *Miranda case.* In other words, the activation of the constitutional privilege against self-incrimination should be based upon criteria which is more stable and discernible than the theoretical difference between confinement in the county jail and confinement in the state penitentiary.

In the present case, the arresting officer was permitted to testify over objection as to *incriminating statements* made by the accused. Hence, the judgment will be reversed, and the cause certified to the Supreme Court of Ohio as being in conflict with the case of *Columbus* v. *Hayes*, 9 Ohio App. 2d 38.

*Judgment reversed.*

CRAWFORD and SHERER, JJ., concur.